**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Valdivia, | No. CV-22-01889-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| RA Heisner, | |
| Respondent. | |

      Currently pending is Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241.  This case was originally filed in Texas, but the Texas court transferred this case to this Court because (at the time of the transfer) Petitioner was housed in Arizona. (Doc. 2) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

      Upon transfer to this Court, this case was referred to a Magistrate Judge.  (Doc. 8). The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the Petition be denied.  (Doc. 21).

      Prior to the R&R being issued, mail that was sent to Petitioner was returned as undeliverable.  (Doc. 20).  Petitioner has never filed a change of address with this Court and, as of today, his address is still listed as FCI-Phoenix.  Petitioner was expressly warned in this Court's orders at Doc. 5 and Doc. 8 that it was his responsibility to keep his address current with the Court.

      While preparing the R&R, the Magistrate Judge determined that, as of August 28, 2023, Petitioner was housed in Illinois.  (Doc. 21 at 2).  As a result, the Magistrate Judge

directed that the R&R be mailed to Petitioner at his address listed with BOP, rather than the address Petitioner gave to this Court. Generally, the Court is not required to send something to a party solely for the purpose of the document making a round trip in the mail. *See Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988). Nonetheless, the Court will send a copy of this Order to both the address listed on the docket and the address discovered by the Magistrate Judge.

The R&R concludes that § 2241 jurisdiction continues even though Petitioner is no longer in this district. Given that neither party has objected to the R&R and because Petitioner has not notified the Court that he has been permanently transferred out of Arizona, the Court will not dismiss this case for lack of jurisdiction. *See Ogburn v. Fed. Bureau of Prisons;*, No. CR-04-84-GF-BMM, 2023 WL 3435303, at *3 (D. Mont. May 12, 2023) (finding: "a post-*Padilla* [542 U.S. 426, 435 (2004)] split on the question of post-transfer personal jurisdiction among federal district courts in the Ninth Circuit[;]" and concluding: "Many reviewing courts have dismissed core habeas petitions after transfer for lack of personal jurisdiction. Two recent district-court cases in the Ninth Circuit … support, however, [] the proposition that the court in which jurisdiction vested maintains that jurisdiction after BOP transfers a habeas petitioner.").

Turning to the merits of the Petition, the R&R recommends that this Court deny relief. Specifically, the R&R finds that Petitioner is not entitled "to receive credit towards his federal sentence for the time he was in federal custody from March 2019 to May 2021." (Doc. 21 at 6). As mentioned above, neither party has objected to the R&R. The time for filing objections has run.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that

*de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

Because neither party has objected,

**IT IS ORDERED** that the Report and Recommendation (Doc. 21) is accepted except as modified below. The Petition for Writ of Habeas Corpus is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the portion of the Report and Recommendation regarding a certificate of appealability is modified to reflect that a certificate of appealability is not required to appeal a petition brought pursuant to 28 U.S.C § 2241.[2]

///
///
///
///
///
///
///

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b). Note of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.

[2] *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).

1  **IT IS FINALLY ORDERED** that the Clerk of the Court shall send a copy of this Order and the judgment to Petitioner at both the address listed on the docket and the address listed in the Report and Recommendation.  (Doc. 21 at 8).

Dated this 27th day of October, 2023.

*James A. Teilborg*
Senior United States District Judge